UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE LOUISE BYRON-CORBIN,

Plaintiff,

v. Case No. 8:24-cv-703-CPT

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
__________________________________/

**O R D E R**

Before the Court is the Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 33). For the reasons set forth below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action against the Defendant Commissioner of Social Security in March 2024, seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits and Supplemental Security Income. (Doc. 1). In February 2025, the Court reversed the Commissioner's decision and remanded the case for further proceedings before the Social Security Administration (SSA). (Doc. 20). Roughly one month later, the Plaintiff sought and

obtained $10,000 in attorney's fees under the Equal Access to Justice Act (EAJA). (Docs. 23, 32). As a result of the subsequent proceedings on remand, the Plaintiff was granted past-due benefits. (Docs. 33-1, 33-2).

By way of the instant motion, the Plaintiff now asks that the Court enter an order pursuant to 42 U.S.C. § 406(b) approving fees in the amount of $25,578 for the services her counsel performed in this lawsuit. *See* (Doc. 33 at 2). According to the SSA, this figure equates to twenty-five percent of the past-due benefits, which is the statutory fee limit for legal work conducted on remand before a district court. *See* (Doc. 33-2); 42 U.S.C. § 406(b). This sum does not conflict with the Plaintiff's fee agreement with her attorneys, as that agreement provides for a contingency fee of twenty-five percent of her past-due benefits. *See* (Doc. 33-4). While the Plaintiff advises that her lawyer is aware of his obligation under ordinary circumstances to reduce his contingency fee by the amount of the previous EAJA fee award (Doc. 33 at 3), she states that the entirety of that fee award was used by the government to satisfy her debts pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010). *Id*. The Commissioner takes no position as to the merits of the Plaintiff's fee motion. *See* (Doc. 33 at 7).

II.

Section 406(b) governs the authorization of attorney's fees in Social Security actions where, as here, a district court remands the matter to the Commissioner for further proceedings, and the Commissioner later grants the claimant past-due benefits. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1276–78 (11th Cir. 2006) (per curiam). Under such a scenario, the claimant may return to the district court—as the Plaintiff

has done here—and ask for fees not exceeding twenty-five percent of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A); *Culbertson v. Berryhill*, 586 U.S. 53, 59 (2019).

The requested fee amount, however, must be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). To ensure this is the case, section 406(b) mandates that a court engage in an independent review of a counsel's fee arrangement with her client. *Gisbrecht*, 535 U.S. at 807. As part of its oversight role, a court may direct that an attorney furnish "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. A court may also require that the approved fee figure be offset by any previous fee award or by any fees due counsel under a contingency fee agreement. *Id.*; *Jackson*, 601 F.3d at 1274.

In addition, an attorney who is successful in claiming fees under both the EAJA and section 406(b) normally must refund "to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted). A lawyer may do so either by deducting the earlier EAJA award from the subsequent section 406(b) award or by refunding the smaller EAJA fee and accepting the section 406(b) payment in full. *Jackson*, 601 F.3d at 1274.

Here, the Plaintiff's sought-after fee figure of $25,578 is predicated upon a total of 53.5 hours of legal services rendered by her lawyer, Bill Berke, on this appeal. (Doc. 33 at 2); (Doc. 33-5). This sum encompasses all the work Mr. Berke engaged in before

the Court and—as noted above—is consistent with the Plaintiff's contingency fee agreement, as the sought-after amount equates to twenty-five percent of the total past-due benefits granted the Plaintiff. (Doc. 33-2). In light of these facts, as well as the nature of the professional assistance provided, the positive results achieved, and the Commissioner's lack of opposition to the Plaintiff's motion, the Court finds that the proposed fee figure is reasonable. *See Brown v. Comm'r of Soc. Sec. Admin.*, 2024 WL 4529664, at *2 (M.D. Fla. Oct. 1, 2024), *report and recommendation adopted*, 2024 WL 4529245 (M.D. Fla. Oct. 18, 2024); *Ocasio v. Comm'r of Soc. Sec.*, 2024 WL 4135793, at *1 (M.D. Fla. Sept. 10, 2024); *White v. Comm'r of Soc. Sec.*, 2012 WL 1900562, at *6 (M.D. Fla. May 2, 2012), *report and recommendation adopted*, 2012 WL 1890558 (M.D. Fla. May 24, 2012).

One final item requires the Court's attention. As referenced above, in accordance with *Astrue*, 560 U.S. at 596, the Commissioner applied the full sum of the Plaintiff's prior EAJA award to her existing debts. In the Plaintiff's motion, her counsel now asks that the Court permit him to accept the entirety of the section 406(b) fees without any offset to account for the earlier grant of EAJA fees. Because this request is not contested by the Commissioner and because there is case authority to support it, the Court will grant the request based on the limited record before it. *See Cruz v. Comm'r of Soc. Sec.*, 2024 WL 2000676, at *3 (S.D. Fla. Apr. 23, 2024) (declining to reduce a section 406(b) fee award by the portion of a prior EAJA fee award which the government used to pay off the claimant's debts under *Astrue*); *Clay v. Comm'r of Soc. Sec.*, 2022 WL 22258275, at *1 (S.D. Fla. Feb. 11, 2022) (same).

III.

For the reasons stated above, it is hereby ORDERED:

1. The Plaintiff's fee motion (Doc. 33) is granted, and the Plaintiff shall be awarded $25,578 in attorney's fees pursuant to 42 U.S.C. § 406(b).

2. This action shall be closed and shall remain closed.

SO ORDERED in Tampa, Florida, this 31st day of August 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record